IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST DARDEN, | No. C 04-02126 JSW |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| SECURE HORIZONS, et al., | |
| Defendants. | |

Now before the Court are the motions of defendants the California Department of Health Services ("California DHS"), Dr. Richard Unger, and PacifiCare of California d.b.a. Secure Horizons[1] ("Secure Horizons") (collectively "Defendants") to dismiss the amended complaint of plaintiff Earnest Darden ("Plaintiff"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motions.

**BACKGROUND**

Plaintiff filed his original complaint on May 28, 2004, alleging that Defendants had violated 42 U.S.C. §§ 300e(a)(1) and 300e(b)(1) of the HMO Act, 42 C.F.R. § 417.101, and state medical malpractice laws. The California DHS filed a motion to dismiss the complaint based on Eleventh Amendment immunity from suit. Dr. Unger filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and

---

[1] PacifiCare of California d.b.a. Secure Horizons was erroneously sued as Secure Horizons an HMO.

12(b)(6) for failure to state a claim. Secure Horizons joined in Dr. Unger's motion to dismiss for failure to state a claim. The Court granted Defendants' motions to dismiss but granted Plaintiff leave to amend to plead a claim that would establish federal jurisdiction.

Plaintiff filed his first amended complaint ("FAC") on April 29, 2005. In his FAC, Plaintiff alleges violations of federal statutes 42 U.S.C. §§ 1983, 1985(3), 1986, 2000d-7, and 29 U.S.C. §§ 151-157. (FAC at p. 4.) Plaintiff also asserts claims for medical malpractice and intentional infliction of emotional distress. (*Id.* at pp. 6-7, 9.) The California DHS filed a motion to dismiss the FAC for failure to state a claim under Rule 12(b)(6). Dr. Unger filed a separate motion to dismiss for failure to state a claim. Secure Horizons joined in Dr. Unger's motion to dismiss.[2]

Plaintiff alleges that sometime in 2001 his primary care physician, Dr. Unger, negligently performed a prostate examination, causing Plaintiff to suffer erectile dysfunction. (*Id.* at p. 1.) Plaintiff alleges that Dr. Unger failed to warn him of the potential risks associated with a prostate examination, and failed to present him with the less intrusive alternative of a blood test. (*Id.* at pp. 1-2.) Dr. Unger referred Plaintiff to Dr. Pinckney, a urologist, for treatment of his erectile dysfunction. (*Id.* at p. 2.) Dr. Pinckney prescribed medications which, according to Plaintiff, Secure Horizons denied him, and Medi-Cal provided only in small monthly allotments. (*Id.*) Plaintiff contends the alleged denial of medication is what caused his continuing erectile problems. (*Id.*) Plaintiff further alleges that "he is being discriminated against because of his invidious racial group Black African Americans." (*Id.* at p. 7.)

## ANALYSIS

**A.   Legal Standard on a Motion to Dismiss.**

Rule 12(b)(6) motions challenge the legal sufficiency of the claims asserted in the complaint. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this liberal standard, motions to dismiss are viewed with disfavor, and are rarely

---

[2] Because Secure Horizons already filed an answer in this case, the Court will construe the motion to dismiss filed by Secure Horizons as a motion for judgment on the pleadings. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980).

2

granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). The complaint is viewed in a light most favorable to the nonmoving party, and all factual allegations therein are taken as true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1989).

**B.      Defendants' Motions.**

       **1.      Plaintiff Fails to State a Claim Against the California DHS.**

Ordinarily, the California DHS, as a state agency, is immune from citizen suits in federal court based on the Eleventh Amendment. U.S. Const. amend. XI; *see also Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1967) (states are immune from suit); *Brooks v. Sulphur Springs Valley Elec. Coop.,* 951 F.2d 1050, 1053 (9th Cir. 1991) (state agencies and departments are immune from suit). However, waiver of this immunity will be found where: "(1) the state expressly consents, (2) a state statute or constitution so provides, or (3) Congress clearly intended to condition the state's participation in a program or activity on the state's waiver of immunity." *Collins v. Alaska*, 823 F.2d 329, 331-32 (9th Cir. 1987).

42 U.S.C. § 2000d-7 waives Eleventh Amendment immunity from suit in federal court for violation of certain federal statutes, including Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"). 42 U.S.C. § 2000d-7; *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Title VI prohibits a denial of benefits or exclusion from a federally assisted program on grounds of race, color, or national origin. 42 U.S.C. § 2000d *et seq*. In other words, any entity receiving federal financial assistance may not discriminate against citizens on one of these impermissible grounds. To state a claim under Title VI, a plaintiff must allege that (1) the state program discriminated against him on the basis of race, color, or national origin, and (2) that the state program receives federal funding. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1450 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Plaintiff alleges both. He alleges that that the California DHS discriminated against him because of his race, and that the California DHS accepts federal funds to help support the administration of its Medi-Cal programs. (FAC at pp. 7-8). Plaintiff, therefore, sufficiently alleges a claim under Title VI.

1   Nevertheless, Plaintiff's Title VI claim suffers from another defect; it is time-barred. A
2   statute of limitations defense may be raised by a motion to dismiss where, as here, the running
3   of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d
4   677, 682 (9th Cir. 1980). California's one-year statute of limitations for personal injury actions
5   governs claims brought pursuant to Title VI. *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710,
6   711-12 (9th Cir. 1993).³ Although state law determines the length of the limitations period,
7   federal law determines when the claim accrues. *Morales v. City of Los Angeles,* 214 F.3d 1151,
8   1153-54 (9th Cir. 2000). "[U]nder federal law, a claim accrues when the plaintiff knows or has
9   reason to know of the injury which is the basis of the action." *Id*.

10  Applying this standard here, it is apparent from the face of Plaintiff's FAC that his Title
11  VI claim against California DHS is time-barred. Plaintiff alleges that the California DHS failed
12  to administer the Medi-Cal program through which Plaintiff is insured, and through which Dr.
13  Unger was assigned as his primary care physician, in a fair and nondiscriminatory manner,
14  thereby violating Title VI. Plaintiff alleges that he first met with Dr. Unger sometime in 1998 or
15  1999. (FAC at p. 1.) Plaintiff's prostate examination took place "after a couple of years." (*Id.*)
16  Following the prostate examination, Plaintiff met with Dr. Pinckney who prescribed medication
17  for Plaintiff's erectile dysfunction. (*Id.* at p. 2.) Only after Plaintiff was denied these
18  medications, did he seek help from California DHS. (*Id.*) Plaintiff alleges that he wrote a letter
19  to California DHS, which he attached as exhibit 1 to his FAC. (*Id.* at p. 2.) The letter is dated
20  March 15, 2001. (*Id*, Ex. 1.) Plaintiff further alleges that he has not heard a word from
21  California DHS since 2001. (*Id*. at p. 2.) Therefore, Plaintiff knew or had reason to know of the
22  injury which was the basis for this action by March 2001, and thus Plaintiff's claim began to
23  accrue by March 2001 at the latest. Yet, Plaintiff did not file his initial complaint until over

---

³ Prior to January 1, 2003, California's statute of limitations for personal injury actions was one year. *See* Cal. Civ. Proc. Code § 340(3) (West Supp. 2002). In 2002, the California Legislature deleted the one-year limitations period of personal injury actions and added a provision setting a two-year limitations period, effective January 1, 2003. *Krupnick v. Duke Energy Morro Bay*, 115 Cal. App. 4th 1026, 1028 (2004); *see also* Cal. Civ. Proc. Code § 335.1. However, the new two-year limitations period does not apply retroactively. *Krupnick*, 115 Cal. App. 4th at 1028-29. Thus, the one-year statute of limitations period applies to Plaintiff's claims.

4

three years later, on May 28, 2004, after the one-year statute of limitations period had expired. Accordingly, based on the facts alleged in his FAC, Plaintiff's Title VI claim against California DHS is time-barred. The Court grants California DHS's motion to dismiss on this basis.[4]

### 2. Plaintiff Fails to State a Claim against Dr. Unger and Secure Horizons under 42 U.S.C. § 1983.

42 U.S.C. § 1983 ("Section 1983") provides a means of redress to individuals who have been deprived of federal constitutional or federal statutory rights by persons acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under Section 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal statute. *Id.* Here, Plaintiff alleges that Dr. Unger and Secure Horizons violated Plaintiff's constitutional right to equal protection by discriminating against him on the basis of race. Plaintiff has failed to sufficiently allege, however, that either defendant acted under color of state law. Therefore, Plaintiff fails to state a claim under Section 1983.

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The complaint, therefore, must allege facts tending to show that the private parties' conduct has caused a deprivation of federal rights that may be fairly attributable to the State. *Id.* at 708 (*quoting Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984) (holding that conclusionary allegations of action under color of state law, "unsupported by facts, [will be] rejected as insufficient to state a claim.")). A two-part test exists to determine whether private-party action causes a deprivation that occurs under color of state law. *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982). First, the deprivation must be caused by the exercise of some right or privilege created by the State; by a rule of conduct imposed by the state; or by a person for whom the State is responsible. *Id.* Second, the party charged with the deprivation must be a state actor. *Id.* A person may become a state actor

---

[4] As the Court explained in its order dismissing Plaintiff's initial complaint, California DHS is immunized from being sued as to the remainder of Plaintiff's federal claims. Therefore, to the extent Plaintiff is bringing any of his other claims in his FAC against California DHS, such claims are also dismissed.

5

by performing a public function or being regulated to the point that the conduct in question is practically compelled by the State. *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 569 (9th Cir. 1987).

Plaintiff alleges that Dr. Unger is a state actor because he is a doctor "authorized by . . . the State of California" to treat Plaintiff, and that Secure Horizons is a state actor because it acts "in place of Mdei-Care [*sic*] part A Federal program" and therefore performs a public function. (FAC at p. 6.) Plaintiff further alleges that Defendants acted under color of state law by "administer[ing] the Medi-Cal Program within the state of California." (FAC at p. 8.)

To support his contentions, Plaintiff cites *West v. Atkins,* 487 U.S. 42 (1988), *Ancata v. Prison Services,* 769 F.2d 700 (11th Cir. 1985), and *Ort v. Pinchback,* 786 F.2d 1105 (11th Cir. 1986). Those cases, however, dealt with private physicians hired by the state to provide health care to prisoners. *West,* 487 U.S. at 50-51; *Ancata,* 769 F.2d at 703; *Ort,* 786 F.2d at 1107. The physicians in *West, Ancata,* and *Ort* would not have been considered state actors had they not contracted with the state to work for state prisons, performing a function traditionally within the purview of the state. *West,* 487 U.S. at 50-51; *Ancata,* 769 F.2d at 703; *Ort,* 786 F.2d at 1107.

In Plaintiff's case, Dr. Unger and Secure Horizons are not employees of the State of California, hired to perform a function traditionally within the purview of the state, *i.e.* providing medical care in state prisons. The cases that Plaintiff cites, therefore, are inapposite. Moreover, the fact that the State of California administers the Medi-Cal program in which Secure Horizons is a participating HMO and Dr. Unger is a participating physician does not create a sufficient nexus between Secure Horizons, Dr. Unger, and the State to establish state action. The mere fact that a business or person is regulated by state law does not put the acts under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Freier v. New York Life Ins. Co.,* 679 F.2d 780, 783 (9th Cir. 1982). Therefore, Plaintiff fails to allege sufficient facts to show that Dr. Unger and/or Secure Horizons acted under color of law. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Section 1983 claim.

6

### 3. Plaintiff Fails to State a Claim against Dr. Unger and Secure Horizons under 42 U.S.C. §§ 1985(3) and 1986.

To state a claim under 42 U.S.C. § 1985 (3) ("Section 1985(3)") a plaintiff must allege: (1) a conspiracy between defendants; (2) for the purpose of directly or indirectly depriving plaintiff of equal protection of the law or of equal privileges and immunities under the law; (3) an act done in furtherance of the conspiracy; and (4) that the act or acts were the cause of an injury to plaintiff's person or property, or a deprivation of a right or privilege of citizenship. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

A plaintiff must plead specific facts to support the existence of the alleged conspiracy. *See Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989); *Karim-Panahi v. Los Angeles Police Department,* 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient"). Moreover, there must be "some racial, or perhaps class-based, invidiously discriminatory motivation behind the conspirators' action." *Griffin*, 403 U.S. at 102.

In this case, "Plaintiff alleges and maintains that Secure Horizons and the State Dept. Of Health Services did in fact conspire to deprive plaintiff of federally protected rights in collusion with Dr. Unger by authorizing a possibly injurious (injurous) exam which could have been accomplshed [*sic*] by a blood test." (FAC at p. 6.) Plaintiff's FAC does not allege any other alleging an agreement between the Defendants to conspire against Plaintiff for a racially-motivated reason and for the purpose of depriving Plaintiff of his constitutionally guaranteed rights. *See Olsen v. Idaho State Bd. Of Med.,* 363 F.3d 916, 929-30 (9th Cir. 2004) (finding the complaint "devoid of any discussion of an agreement amongst the appellees to violate [appellant's] constitutional rights"). Therefore, Plaintiff fails to allege facts support the existence of a conspiracy with sufficient specificity. Accordingly, the Court grants the motions to dismiss Plaintiff's Section 1985 claim.

Plaintiff's failure to sufficiently allege a claim under Section 1985 bars him from asserting a claim under 42 U.S. C § 1986 ("Section 1986"). *See* 42 U.S.C. §§ 1985(3), 1986. Section 1986 imposes liability on every person who knows of an impending violation of Section

7

1985 but neglects or refuses to prevent the violation. *Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1320 (9th Cir. 1984). In this case, because Plaintiff fails to sufficiently allege a violation of Section 1985, his Section 1986 claim fails as well. *Id.* Accordingly, Defendants' motions to dismiss Plaintiff's Section 1986 claim is granted.

### 4. Plaintiff Fails to State a Claim against Defendants under the National Labor Relations Act, 29 U.S.C. §§ 151-157.

Although Plaintiff recites the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-157, in his complaint, it is not clear how this statute is relevant to his claims or what type of claim Plaintiff seeks to bring under the NLRA. (FAC at pp. 3-9.) The stated purpose of the NLRA is to encourage the practice and procedure of collective bargaining by protecting workers' rights to "freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection." 29 U.S.C. § 151. Several of the NLRA provisions that Plaintiff cites create no enforceable statutory rights. Section 1 of the Act declares the United States' policy on collective bargaining. 29 U.S.C. § 151. Section 2 defines certain terminology used throughout the Act. 29 U.S.C. § 152. Sections 3 through 6 create the National Labor Relations Board (the "Board") and establish the Board's purposes, location, and authority to act. 29 U.S.C. §§ 153-156.

Section 7 of the NLRA creates substantive rights by giving employees the right to organize, join labor organizations, bargain collectively, and engage in other concerted activities or refrain from any or all of such activities, but the substantive rights extended by Section 7 are not private rights. Matthew Bender, *National Labor Relations Act: Law & Practice,* Vol. 1 § 4.01 (Lexis Nexis 2005) (*citing Amalgamated Utility Workers v. Consolidated Edison Co.,* 309 U.S. 261 (1940)). An individual employee or group of employees may not bring a private action in state or federal court to enforce them. *Id.* Instead, enforcement of Section 7 rights is entrusted exclusively to the Board, a public body. *Id.*

Plaintiff's FAC does not allege that he is an employee protected under the NLRA. Nor does the FAC contain any allegations related to a labor dispute. Therefore, as Plaintiff's

complaint is currently stated, he has not alleged a valid claim under the NLRA.  Accordingly, Plaintiff's claims against Defendants brought pursuant to 29 U.S.C. §§ 151-157 are dismissed.

### 5.   Plaintiff's FAC is Dismissed without Leave to Amend.

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).  The court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express,* 885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990) (*citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971).  Leave to amend is properly denied where the amendment would be futile. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

Although leave to amend a party's pleadings pursuant to Federal Rule of civil Procedure 15(a) should be liberally granted, a district court need not permit a plaintiff to amend his or her complaint if it determines that the defects in the pleadings "could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).  It appears from Plaintiff's original and amended complaints, that the essence of Plaintiff's complaint is a state-law medical malpractice claim.  Plaintiff's FAC fails to allege sufficient facts to establish that his federal claims were timely filed, or that either of the private defendants acted under color of state law.  Plaintiff has also failed to allege any new, material facts that would allow the Court to infer any colorable federal claims.  Thus, because granting leave to amend would be futile, the Court finds it appropriate to dismiss Plaintiff's federal claims with prejudice.

### 6.   The Court Dismisses Plaintiff's Remaining State-Law Claims.

Due to the absence of federal subject matter jurisdiction over the case, it would be improper for the Court to exercise jurisdiction over Plaintiff's remaining state-law claims for

9

medical malpractice and intentional infliction of emotional distress. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (holding that state claims should be dismissed when the federal claims have been dismissed before trial). Therefore, the Court dismisses Plaintiff's remaining state-law claims without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss and DISMISSES Plaintiff's federal claims WITH PREJUDICE and Plaintiff's state-law claims WITHOUT PREJUDICE. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: January 12, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE